[Cite as *State v. Darling*, 2021-Ohio-440.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                     :

    Plaintiff-Appellee,               :

                                No. 109439

v.                                                :

TEVAUGHN DARLING,                                 :

    Defendant-Appellant.              :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 18, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-602351-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Patituce & Associates, L.L.C., Kimberly Kendall Corral and Megan M. Patituce, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Tevaughn Darling appeals the trial court's denial of his postconviction motion to withdraw his guilty pleas. Darling contends

that he was denied the effective assistance of counsel and that his guilty pleas were not knowing, intelligent and voluntary because they resulted from "undue duress," "tactics of coercion," "psychological manipulation" and "[m]isleading advice" from counsel regarding the aggregate sentence the trial court would impose if he entered guilty pleas. Darling further contends that the trial court abused its discretion in denying his motion to withdraw his guilty pleas without a hearing.

{¶ 2} For the reasons that follow, we affirm the trial court.

**Procedural History and Factual Background**

{¶ 3} In April 2016, Darling pled guilty to one count of conspiracy (amended Count 1), six counts of drug trafficking (one of which included a one-year firearm specification) (amended Count 2 and Counts 5, 6, 7, 8 and 21) and one count of having a weapon while under disability (Count 23), possessing criminal tools (Count 24) and tampering with evidence (Count 25). Several of the counts included forfeiture specifications. The parties stipulated that Counts 1 and 2 merged with each other and with all other counts for sentencing, and the state elected to sentence Darling on the remaining counts. The trial court sentenced Darling to an aggregate prison sentence of 14 years.[1] The trial court also imposed postrelease control, a fine of $37,500 and court costs.

---

[1] Specifically, the trial court sentenced Darling to eight years on Count 5, eight years on Count 6, eight years on Count 7, eight years on Count 8, one year on the firearm specification to be served prior to and consecutive to five years on the base charge on Count 21, 36 months on Count 23, 12 months on Count 24 and 36 months on Count 25. The trial court ordered that sentences on Counts 5, 6, 7, 8, 23, 24 and 25 be served concurrently but consecutively to the sentence on Count 21.

{¶ 4} Darling appealed his convictions. Among his assignments of error, Darling claimed that his guilty pleas were not made knowingly, intelligently and voluntarily because they were induced by promises that allowed codefendants to avoid serious felony charges and because of "the existence of other coercive circumstances surrounding his guilty pleas."

{¶ 5} This court found that the trial court had "fully complied with Crim.R. 11(C)(2)" and "properly determined" that Darling's pleas were made knowingly, intelligently and voluntarily. *State v. Darling*, 8th Dist. Cuyahoga No. 104517, 2017-Ohio-7603, ¶ 26 ("*Darling I*"). The court affirmed Darling's convictions but remanded the case to the trial court for the limited purpose of issuing a nunc pro tunc entry to incorporate the consecutive sentence findings the trial court had made at the sentencing hearing into its sentencing journal entry. *Id.* at ¶ 40.

{¶ 6} On April 25, 2017, while his direct appeal was pending, Darling filed, pro se, a petition for postconviction relief. In his petition, Darling set forth the following "grounds for relief":

> Ground for relief I: Petitioner's plea was not voluntarily, intelligently, or knowingly made in violation of his Due Process Rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution as a direct and proximate result of psychological trauma sustained from being placed in isolation for an extensive amount of time at the request of the State's attorney.
>
> Ground for relief II: Petitioner's plea was not voluntarily, intelligently, or knowing[ly] made in violation of his Due Process Rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution as a direct and proximate result of the State's attorney poisoning the potential jury pool with unfounded inflammatory accusations and denying him the possibility of a fair trial with an

impartial jury in violation of Petitioner's Due Process Rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

{¶ 7} The state opposed the petition. On October 31, 2017, the trial court denied Darling's petition for postconviction relief and issued findings of fact and conclusions of law in support of its decision. The trial court concluded that Darling's claims were barred by res judicata. Darling did not appeal that ruling.

{¶ 8} On June 27, 2019, Darling filed a motion to withdraw his guilty pleas. Darling argued that his guilty pleas were not the result of a "knowing, intelligent, and voluntary agreement to mutually accepted terms," but rather, were "the result of severe psychological distress and undue duress which resulted from state's imposition of more than two-hundred days of solitary confinement followed by the manipulative use of his terminally-ill family and mother to coerce a plea." He requested that the trial court allow him to withdraw his guilty pleas "due to a manifest injustice resulting from a guilty plea made under duress" and because he was "misled by his counsel's emphatic push to accept a deal" and "did not know and understand," at the time he entered his guilty pleas, "that he would be subject to a 'double-digit' prison term of 14-years."

{¶ 9} Although Darling claimed to have attached two affidavits in support of his motion — an affidavit he prepared and one from his mother — no affidavits were submitted with the motion.

{¶ 10} On January 2, 2020, the trial court denied the motion without a hearing. Darling appealed, raising the following four assignments of error for review:

> Assignment of Error I: The trial court erred in failing to grant defendant's motion to withdraw a plea where reversal was necessary to correct a manifest injustice.
>
> Assignment of Error II: The appellant received ineffective assistance of counsel in violation of his Sixth Amendment right to counsel.
>
> Assignment of Error III: The trial court erred in denying defendant's motion to withdraw plea where the record fails to establish that he entered a knowing, voluntary, intelligent plea.
>
> Assignment of Error IV: The trial court abused its discretion failing to hold a hearing on the appellant's motion to withdraw guilty plea.

**Law and Analysis**

{¶ 11} The withdrawal of a guilty plea is governed by Crim.R. 32.1 which states:

> A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 12} The defendant bears the burden of establishing the existence of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Manifest injustice is "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding,'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640 and

104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8; *see also State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 41 (8th Dist.); *State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 17 ("'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'"), quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. A claim of manifest injustice must be supported by specific facts in the record or through affidavits submitted with the motion. *See, e.g., State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10.

{¶ 13} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *See, e.g., State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16; *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11. "'A hearing is required * * * if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea.'" *Norman* at ¶ 16, quoting *Vihtelic* at ¶ 11; *see also State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 11 ("'A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion.'"), quoting *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 14} We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse of discretion standard. *See, e.g.,*

*State v. Romero*, 156 Ohio St.3d 468, 2019-Ohio-1839, 129 N.E.3d 404, ¶ 13; *Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, at ¶ 42, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph two of the syllabus. Likewise, we review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *See, e.g., State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 13.

**Trial Court's Jurisdiction to Consider Motion to Withdraw Guilty Pleas**

{¶ 15} We find no abuse of discretion by the trial court in denying Darling's motion to withdraw his guilty pleas because a trial court has no jurisdiction to consider a defendant's motion to withdraw his or her guilty pleas under Crim.R. 32.1 after a court of appeals has affirmed the defendant's convictions. *See State ex rel. Special Prosecutors v. Judges, Belmont Cty. Court of Common Pleas Judges*, 55 Ohio St.2d 94, 97-98, 378 N.E.2d 162 (1978). As the Ohio Supreme Court explained in *Special Prosecutors*:

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id.*; *see also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 61-62 (trial court lacked jurisdiction to consider motion to withdraw guilty plea

where convictions were affirmed but case was remanded for limited purpose of resentencing on noncapital offenses); *State v. Mitchell,* 8th Dist. Cuyahoga No. 109178, 2020-Ohio-3726, ¶ 7; *State v. Jones*, 8th Dist. Cuyahoga No. 108226, 2019-Ohio-4892, ¶ 4-5; *Grant* at ¶ 14.

{¶ 16} In this case, Darling appealed the trial court's judgment, and this court affirmed his convictions. *Darling I*, 2017-Ohio-7603, at ¶ 40. After this court affirmed Darling's convictions in *Darling I*, the trial court had no jurisdiction to consider his subsequent motion to withdraw his guilty pleas.

### Res Judicata

{¶ 17} Furthermore, even if the trial court had jurisdiction to consider Darling's claims, consideration of his claims would be barred by the doctrine of res judicata. Res judicata prevents repeated attacks on a final judgment. It applies to claims that were raised or could have could on direct appeal and also '"bar[s] * * * piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea.'" *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 17, quoting *State v. Kent*, 4th Dist. Jackson No. 02CA21, 2003-Ohio-6156, ¶ 6; *see also State v. Pemberton*, 4th Dist. Gallia No. 10CA, 2011-Ohio-373, ¶ 19 ("[R]es judicata bars [appellant] from raising claims of ineffective assistance that occurred both 'on-the-record' (direct appeal) and 'off-the-record' (postconviction relief) in [a] Crim.R. 32.1 motion.");

*State v. Bene,* 11th Dist. Lake Nos. 2019-L-070, 2019-L-071 and 2019-L-072, 2020-Ohio-1560, ¶ 13-15.

{¶ 18} Because Darling raised, or could have raised, any claims related to the ineffectiveness of his defense counsel and the unknowing, unintelligent and involuntary nature of his guilty pleas in his direct appeal or his prior petition for postconviction relief, his claims are barred by res judicata. *See, e.g., Pemberton* at ¶ 19 (res judicata barred defendant from raising issues of ineffective assistance of counsel in Crim.R. 32.1 motion that could have been addressed in direct appeal, his prior motion for postconviction relief or in a subsequent appeal from the denial of postconviction relief).

### Absence of Supporting Evidence

{¶ 19} Finally, even if we were to consider Darling's arguments, we would find the trial court did not abuse its discretion in denying his motion to withdraw his guilty pleas.

{¶ 20} Under certain circumstances, ineffective assistance of counsel can constitute a manifest injustice warranting a withdrawal of a guilty plea. *See, e.g., State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 4. However, Darling has not shown any reasonable likelihood that this is such a case.

{¶ 21} Darling submitted no affidavits or any other relevant evidentiary materials with his motion to withdraw his guilty pleas to support his claim of manifest injustice. Darling's motion to withdraw his guilty pleas (and his appellate brief) consist of little more than conclusory, self-serving allegations and

unsubstantiated assertions, which are insufficient to demonstrate a manifest injustice or to warrant a hearing on a motion to withdraw a guilty plea. *See, e.g., State v. D-Bey,* 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 61; *State v. Johnson,* 12th Dist. Butler Nos. CA2010-12-327 and CA2011-02-019, 2011-Ohio-3015, ¶ 13.

**{¶ 22}** Accordingly, Darling's assignments of error are overruled.

**{¶ 23}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
SEAN C. GALLAGHER, J., CONCUR