[Cite as *State v. Houk*, 2021-Ohio-2107.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

     Plaintiff-Appellee,          :

                              No. 110115

     v.                                  :

RICHARD HOUK,                              :

     Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 24, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-501151-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee*.

Patituce & Associates, L.L.C., Joseph C. Patituce, Megan
M. Patituce and Mallorie A. Thomas, *for appellant*.

EILEEN A. GALLAGHER, J.:

{¶ 1}  Defendant-appellant Richard Houk appeals the trial court's denial of

his postconviction motion to withdraw his guilty plea.  Houk contends that he was

denied the effective assistance of counsel and that his guilty plea was not knowing, intelligent and voluntary because (1) his trial counsel "erroneously advised" him that there was "no self-defense law in Ohio," (2) one of his trial attorneys had a conflict of interest based on his prior representation of the state's key witness and (3) his trial counsel failed to communicate with him and provide him with discovery regarding his case. Houk further contends that the trial court abused its discretion in denying his motion to withdraw his guilty plea without a hearing.

{¶ 2} For the reasons that follow, we affirm the trial court.

**Procedural History and Factual Background**

{¶ 3} On September 21, 2007, a Cuyahoga County Grand Jury indicted Houk on one count of aggravated murder in violation of R.C. 2903.01(A) with a three-year firearm specification. The charge arose out of the August 8, 2007 shooting death of Alan Pilz. Houk initially entered a plea of not guilty.

{¶ 4} On March 3, 2008, Houk filed, pro se, a motion to disqualify counsel, claiming that his trial counsel was not granting him access to discovery, that trial counsel was not keeping him informed of the status of his case and that his lead trial counsel had never visited him in jail. Houk indicated that he was concerned he would not receive a "fair trial" and requested that both of his assigned attorneys, Attorney Thomas Rein and Attorney David Rowthorn, be dismissed and that new counsel be appointed. No action was taken on the motion.

{¶ 5} On August 4, 2008, the day scheduled for trial, the parties reached a plea agreement. Pursuant to the plea agreement, Houk agreed to plead guilty to

aggravated murder in violation of R.C. 2903.01(A). In exchange, the state agreed to delete the firearm specification and agreed to jointly recommend a sentence of life with parole eligibility after 20 years. The state also agreed to nolle a count of vandalism that was then pending in another case against Houk. Houk pled guilty to aggravated murder in accordance with the plea agreement. The trial court accepted his plea and sentenced Houk to a sentence of life in prison with parole eligibility after 20 years. Houk did not appeal his convictions and did not file a petition for postconviction relief.

{¶ 6} On March 31, 2019, more than ten years after his conviction, Houk filed a "motion to permit defendant to withdraw plea" pursuant to Crim.R. 32.1. He claimed that his guilty plea was not knowing, intelligent and voluntary because he had not been advised by the trial court of the constitutional rights he was waiving by pleading guilty as required under Crim.R. 11(C)(2). Houk indicated that although the trial court "loosely discuss[ed] the rights [he] had," the trial court did not describe them as his "rights" and did not ask Houk if he understood that he "waiving" or "giving up" those rights by entering a guilty plea and, therefore, did not "strictly comply" with Crim.R. 11(C)(2).

{¶ 7} Houk also argued that he should be permitted to withdraw his guilty plea because he was denied the effective assistance of counsel. Houk asserted that (1) he had entered a guilty plea because he was "scared" and did not believe his attorneys would "fight for him," (2) he did not recall one of his attorneys ever visiting him in jail prior to his trial date, (3) he had relied on his counsel's misrepresentation

that he could not assert a self-defense defense in deciding to enter a guilty plea and (4) he had learned on the morning of trial that one of his attorneys had previously represented the state's key witness — and only eyewitness to the incident — Darryl Pettry. Houk claimed that if he had received the proper advisements from the trial court or if he had known he could present a self-defense defense, he would not have pled guilty and would have, instead, insisted on going to trial.

{¶ 8} In support of his motion, Houk submitted an affidavit in which he averred the following:

1. I am currently incarcerated at the Mansfield Correctional Institution. I pled guilty to Aggravated Murder in August of 2008.

2. My attorneys were Thomas Rein and David Rowthorn. David Rowthorn never came to see me in jail while I was waiting for my trial. Thomas Rein represented the only eye witness in the case. This witness had a robbery case.

3. I did not know about Thomas Rein's connection to the witness until the morning we were going to start trial.

4. I never saw the discovery in my case until the day we were scheduled to go to trial.

5. I tried to tell my attorneys I acted in self-defense and they told me there was "no self defense law in Ohio."

6. I did not want to plead guilty but I was scared. I did not understand what was going on or how I could show what truly happened because I had never gone over the evidence with my attorneys, and I was very worried my attorneys would not fight for me.

{¶ 9} The state opposed the motion. The state maintained that the trial court had complied with Crim.R. 11 and that even if the trial court had not complied with Crim.R. 11, the issue could have been raised in a direct appeal and was,

therefore, barred by res judicata. With respect to Houk's claims that he was denied the effective assistance of counsel, the state argued that Houk's ten-year delay in asserting his claims undermined his credibility, that Houk's self-serving affidavit was insufficient to support his claims, that there was no indication in the record that Houk had a viable self-defense defense and that Houk had waived any potential conflict of interest associated with defense counsel's prior representation of Pettry. In support of its opposition, the state presented visitation logs that demonstrated that both Attorneys Rein and Rowthorn had visited Houk in jail, excerpts from supplemental police reports relating to the incident and a LexisNexis printout indicating that Darryl A. Pettry had died on October 20, 2017.

{¶ 10} On October 27, 2020, the trial court denied Houk's motion to withdraw his guilty plea without a hearing. The trial court held that there is no requirement that the trial court use particular language to comply with Crim.R. 11(C)(2) and that the trial court's failure to use the exact language contained in Crim.R. 11(C) was not grounds for vacating a plea. The trial court further found that Houk had "failed to substantiate" his claim of ineffective assistance of counsel. The trial court noted that his counsel had visited him prior to his change of plea and that he had acknowledged, on the record, that there was "no ethical conflict" arising out of his attorney's prior representation of the state's witness. The trial court further noted that Houk had not offered any explanation for his ten-year delay in seeking to withdraw his guilty plea and that he did not file a direct appeal of his conviction.

{¶ 11} Houk appealed, raising the following two assignments of error for review:

> Assignment of Error 1: The trial court abused its discretion by denying appellant's motion to withdraw plea.
>
> Assignment of Error 2: The trial court erred in denying appellant's motion to withdraw plea where appellant was denied his rights to effective assistance of counsel and due process as guaranteed by the Sixth and Fourteenth Amendments.

{¶ 12} Houk's assignments of error are interrelated. Accordingly, we address them together.

**Law and Analysis**

{¶ 13} The withdrawal of a guilty plea is governed by Crim.R. 32.1 which states:

> A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 14} The defendant bears the burden of establishing the existence of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. Manifest injustice has been described as "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding,'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640 and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8; *see also State v. Vinson*, 2016-Ohio-7604, 73

N.E.3d 1025, ¶ 41 (8th Dist.); *State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 17 ("'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'"), quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

{¶ 15} A claim of manifest injustice must be supported by specific facts in the record or through affidavits submitted with the motion. *See, e.g., State v. Darling*, 8th Dist. Cuyahoga No. 109439, 2021-Ohio-440, ¶ 12; *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10. Postsentence withdrawal of a guilty plea is permitted "'only in extraordinary cases.'" *McElroy* at ¶ 30, quoting *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 22.

{¶ 16} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *See, e.g., State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16; *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11. "'A hearing is required * * * if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to withdraw the plea.'" *Norman* at ¶ 16, quoting *Vihtelic* at ¶ 11; *see also State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 11 ("'A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must

hold an evidentiary hearing on his motion.'"), quoting *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 17} We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse-of-discretion standard. *See, e.g., Vinson* at ¶ 42, citing *Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324, at paragraph two of the syllabus. We likewise review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *See, e.g., State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 13.

{¶ 18} Houk contends that withdrawal of his guilty plea is necessary to correct a manifest injustice because he was denied the effective assistance of trial counsel.[1] Under certain circumstances, ineffective assistance of counsel can constitute a manifest injustice warranting a withdrawal of a guilty plea. *See, e.g., State v. Montgomery*, 8th Dist. Cuyahoga No. 103398, 2016-Ohio-2943, ¶ 4. However, Houk has not shown any reasonable likelihood that this is such a case.

{¶ 19} A criminal defendant has the right to effective assistance of counsel at all '"critical stages of a criminal proceeding,'" including when he or she enters a guilty plea. *Lee v. United States*, 582 U.S. ___, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). As a general matter, to establish ineffective assistance of counsel, a defendant must

---

[1] Although Houk argued below that his guilty plea was not knowing, intelligent and voluntary because the trial court failed to comply with Civ.R. 11(C)(2), he has abandoned that argument on appeal.

demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 20} Where a defendant enters a guilty plea, he or she waives ineffective assistance of counsel except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent and voluntary. *Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, at ¶ 30; *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11. Accordingly, where a defendant has entered a guilty plea, the defendant can prevail on an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offenses at issue and would have instead insisted on going to trial. *Vinson* at ¶ 30; *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill* at 58-59.

{¶ 21} In Ohio, every properly licensed attorney is presumed to be competent. *State v. Black*, 8th Dist. Cuyahoga No. 108001, 2019-Ohio-4977, ¶ 35 (8th Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). Thus, in evaluating counsel's performance on a claim of ineffective assistance of

counsel, the court must give great deference to counsel's performance and "indulge a strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052, 80 L.Ed.2d 674; *see also State v. Powell*, 2019-Ohio-4345, 134 N.E.3d 1270, ¶ 69 (8th Dist.) ("'A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"), quoting *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69.

{¶ 22} Houk argues that he was denied the effective assistance of trial counsel because trial counsel "erroneously advised" him that "there was no self-defense law in Ohio" and that, as a result, his guilty plea was "unknowing" and "unintelligent." He contends that "[t]his error" was "further compounded" by (1) the fact that he was "unaware" of Attorney Rein's alleged conflict of interest arising out of his prior representation of the state's witness until the morning of trial and (2) trial counsel's "failure to communicate" and "provide him with discovery for his case." Houk asserts that were it not for his attorneys' representation that there was no self-defense defense under Ohio law, he would not have entered a guilty plea. He argues that he was entitled to an evidentiary hearing on his motion to withdraw his plea to determine whether his claims of ineffective assistance were credible.

{¶ 23} In support of his argument that the trial court erred in denying his motion without a hearing, Houk cites the Second District's decision in *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708 (2d Dist.). In that

case, the defendant had pled guilty to voluntary manslaughter with a three-year firearm specification. *Id.* at ¶ 2. According to statements made by the prosecutor at the change-of-plea hearing, the charge arose out of a drug deal in which several persons from whom the defendant planned to purchase drugs attempted to rob him. In the process, one of men pulled out a gun and pointed it at the defendant while two others struck him. The defendant then pulled out his own gun. Shots were exchanged, and one of the shots struck and killed one of the other men. *Id.* at ¶ 3.

{¶ 24} Approximately two years after he entered his guilty pleas, the defendant filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1 claiming ineffective assistance of counsel. *Id.* at ¶ 5. The defendant argued, among other grounds, that he had been denied effective assistance of counsel because his trial counsel incorrectly advised him that a self-defense defense was unavailable given that the defendant had been engaged in criminal activity when the shooting occurred. *Id.* at ¶ 7. The trial court denied the motion without a hearing. *Id.* at ¶ 14-15. The defendant appealed.

{¶ 25} The Second District held that if the defendant was denied an opportunity to present a self-defense defense at trial because of his trial counsel's erroneous advice that he was not entitled to assert such a defense, "the trial court would be obligated to permit withdrawal of Defendant's guilty plea because counsel's deficient performance created a manifest injustice by impairing the knowing, intelligent, and voluntary character of Defendant's plea" and the defendant was, therefore, "entitled to a hearing to establish the truth of the

ineffective assistance of counsel allegations asserted in his motion to withdraw his guilty plea." *Id.* at ¶ 28. Accordingly, the Second District reversed the trial court's denial of the defendant's motion to withdraw his guilty plea and remanded the case for an evidentiary hearing on the motion. *Id.* at ¶ 29.

{¶ 26} This case is distinguishable. In *Turner*, the defendant's claims that he was not the first aggressor and that he fired his gun in self-defense after one of the drug dealers first pulled a gun and pointed it at him were consistent with the prosecutor's statements on the record at the change-of-plea hearing. *Id.* at ¶ 3, 25. Further, in *Turner*, the defendant submitted a letter in support of his motion from his trial counsel in which counsel confirmed that he had advised the defendant that a defense of self-defense was unavailable to him because the defendant had been engaged in a drug deal when the shooting occurred. *Id.* at ¶ 8-11, 26. There is no comparable support for Houk's claims here.

{¶ 27} Houk's affidavit and motion to withdraw his guilty plea consist of little more than conclusory, self-serving allegations and unsubstantiated assertions, which are insufficient to demonstrate a manifest injustice or to warrant a hearing on a motion to withdraw a guilty plea. *See, e.g., Darling*, 2021-Ohio-440, at ¶ 21; *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 61; *State v. Johnson*, 12th Dist. Butler Nos. CA2010-12-327 and CA2011-02-019, 2011-Ohio-3015, ¶ 13.

{¶ 28} At the time Houk entered his guilty plea, Ohio law required that a defendant prove the following elements to establish self-defense: "(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that

the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger." *State v. Barnes*, 94 Ohio St.3d 21, 24, 759 N.E.2d 1240 (2002), citing *State v. Robbins*, 58 Ohio St.2d 74, 388 N.E.2d 755 (1979), paragraph two of the syllabus.

{¶ 29} Houk has not set forth any facts in his affidavit regarding the crime or the circumstances leading up to the crime and has not pointed to any facts otherwise in the record that suggest that a self-defense defense would have been available to him if he had proceeded to trial.

{¶ 30} The facts and circumstances of the crime at issue here were not discussed in any detail at the change-of-plea hearing. The only specific information about the facts and circumstances of the crime in the record before us comes from a few pages of a supplemental police report relating to the incident that was attached to the state's opposition to Houk's motion to withdraw his guilty plea. That report summarizes what appears to be an interview with Pettry. According to Pettry, Pilz attempted to purchase drugs from "Sunny" (later identified as Houk). Houk gave Pilz $40 in crack cocaine and Pilz handed Houk money that had been rolled up. When Houk unrolled the bills, he discovered Pilz had only given him $2 and told Pilz to give him back the "dope." Pilz refused and told Houk, "F*** you." Houk pulled out a gun and told Pilz again to give him back the drugs. Pilz responded,

"F*** you shoot me." Houk then shot Pilz and ran away from the scene. Pettry told police that Pilz did not have a gun. Pilz later died from the shooting.

{¶ 31} Houk expressly acknowledged at the change-of-plea hearing that by pleading guilty, he was stating, "I did this crime right here and I admit it." He made no mention of any possible self-defense claim.

{¶ 32} With respect to Houk's claims that he was denied the effective assistance of counsel based on Attorney Rein's alleged conflict of interest or his attorneys' failure to communicate with, and provide Houk with, discovery for his case, there is likewise nothing to substantiate such claims.

{¶ 33} The transcript from the change of plea hearing reveals that Attorney Rein brought the issue of his prior representation of Pettry to the trial court's attention before Houk entered his guilty plea, that Houk was aware of the potential conflict of interest before he entered his guilty plea and that Houk expressly waived any potential conflict of interest, as follows:

> MR. REIN: Your Honor, as we indicated to the Court and prosecutors in this case, Mr. Rowthorn brought to my attention that apparently I represented Darryl Pettry on a prior occasion on a probation violation or Community Control Sanction violation in Case No. 413120.
>
> As this honorable court knows, Mr. Pettry we anticipated was going to be a key witness for the State of Ohio in the present case against Richard Houk.
>
> I don't specifically recall representing Mr. Pettry at that time, nor would anything or any part of my representation — I don't believe — would necessarily conflict with my representation of Mr. Houk. But it's brought to the Court's attention out of abundance of caution.

I further discussed this issue with Mr. Houk. If there is any conflict of interest or anything along those lines, Mr. Houk apparently seems to be satisfied with my representation of him in this particular case and is certainly willing to waive that for the record.

Judge, I'm not sure if it's an issue or not, but I wanted to bring that to the Court's attention.

Is that correct, Mr. Houk?

THE DEFENDANT: Yes, it is.

THE COURT: Counsel had the opportunity to discuss this with the Court prior this morning. I could not see any problems at all.

My understanding, Mr. Rein, you have not had since your representation of Mr. Pettry in * * * February of '03. You have not had ongoing contact with Mr. Pettry?

MR. REIN: That's correct, Your Honor.

THE COURT: He has not attempted to contact you?

MR. REIN: Correct, Your Honor.

THE COURT: Very well.

{¶ 34} Houk has not presented any evidence or cited any authority to indicate that a conflict of interest, in fact, existed based on Attorney Rein's prior, unrelated representation of Pettry more than three years earlier or that Houk's on-the-record waiver of any potential conflict of interest associated with that prior representation was in any way, or was for any reason, ineffective. "An appellate court is not obliged to construct or develop arguments to support an appellant's assignment of error and 'will not "guess at undeveloped claims on appeal."'" *State v. Jacinto*, 2020-Ohio-3722, 155 N.E.3d 1056, ¶ 56 (8th Dist.) (defendant's

conclusory assertion without any explanation or citation to legal authority supporting his assertion did not satisfy his obligation under App.R. 16(A)(7)), quoting *State v. Piatt*, 2020-Ohio-1177, 153 N.E.3d 573, ¶ 39 (9th Dist.), quoting *McPherson v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 21499, 2003-Ohio-7190, ¶ 31. If an argument exists that can support an assigned error, "'it is not this court's duty to root it out.'" *State v. Lynch*, 8th Dist. Cuyahoga No. 95770, 2011-Ohio-3062, ¶ 18 ("An appellate court may disregard an assignment of error pursuant to App.R. 12(A)(2) if an appellant fails to cite to any legal authority in support of an argument as required by App.R. 16(A)(7)"), quoting *Cardone v. Cardone*, 9th Dist. Summit Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, 22 (May 6, 1998); *see also State v. Collins*, 8th Dist. Cuyahoga No. 89668, 2008-Ohio-2363, ¶ 91 ("'[I]t is not the duty of this Court to develop an argument in support of an assignment of error if one exists.'"), quoting *State v. Franklin*, 9th Dist. Summit No. 22771, 2006-Ohio-4569, ¶ 19.

{¶ 35} The visitation logs produced by the state showed that Houk's attorneys visited him multiple times in jail before he entered his guilty plea. At the change-of-plea hearing, defense counsel stated that they had received "what we believe to be complete discovery" from the state and that they had "reviewed all of that with our client." Houk did not dispute that claim at the change-of-plea hearing.

{¶ 36} Houk has not identified any specific discovery he claims he did not receive or any specific relevant information he did not know at the time he entered his guilty plea, and he has not explained how or why his alleged failure to receive

discovery or to communicate more with his attorneys allegedly precluded him from entering a knowing, voluntary and intelligent guilty plea.

{¶ 37} Finally, Houk offers no explanation whatsoever for his ten-year delay in asserting his claims. "Although Crim.R. 32.1 does not provide for a time limit after the imposition of sentence during which a postsentence motion to withdraw a guilty plea must be made, courts have long recognized that 'an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *State v. Ritchie*, 8th Dist. Cuyahoga No. 109493, 2021-Ohio-1298, ¶ 15, quoting *Smith*, 49 Ohio St.2d at 364, 361 N.E.2d 1324. This is particularly so, where, as here, Houk apparently waited until after the state's key witness had died before filing a motion to withdraw his guilty plea.

{¶ 38} Houk's unsubstantiated claims are insufficient to show that he received ineffective assistance of counsel that rendered his guilty plea unknowing, unintelligent or involuntary. Houk did not set forth facts in his motion and supporting affidavit that, if true, would have demonstrated a manifest injustice and required the trial court to grant his motion to withdraw his guilty plea. The trial court, therefore, did not abuse its discretion in denying Houk's motion to withdraw his guilty plea without an evidentiary hearing. *See, e.g., Ritchie* at ¶ 17, 24; *Vihtelic*, 2017-Ohio-5818, at ¶ 11.

{¶ 39} Houk's assignments of error are overruled.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR