[Cite as *State v. Nicholson*, 2021-Ohio-2584.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                    :

    v.                                              :

MIKE NICHOLSON,                          :

    Defendant-Appellant.               :

No. 109762

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 29, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-593304-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Anthony T. Miranda, Assistant Prosecuting Attorney, *for appellee.*

Michael Nicholson, *pro se.*

EILEEN A. GALLAGHER, P.J.:

{¶ 1} Defendant-appellant Mike Nicholson, pro se, appeals the trial court's denial of his postconviction motion to withdraw his guilty pleas. Nicholson contends that his guilty pleas were unintelligent and unknowing and that the trial

court did not comply with Crim.R. 11(C)(2) because (1) the trial court did not inform Nicholson that his "entire prison sentence" was mandatory and that he was ineligible for judicial release and (2) the trial court provided incorrect information regarding judicial release after Nicholson entered, and the trial court accepted, Nicholson's guilty pleas. As such, Nicholson argues, the trial court abused its discretion in denying his motion to withdraw his guilty pleas. For the reasons that follow, we affirm the trial court.

**Procedural History and Factual Background**

{¶ 2} On February 19, 2015, a Cuyahoga County Grand Jury indicted Nicholson on four counts: one count of drug trafficking (Count 1), one count of drug possession (Count 2), one count of possessing criminal tools (Count 3) and one count of having weapons while under disability (Count 4). The trafficking count included a schoolyard specification; all counts included forfeiture specifications. The charges resulted, at least in part, from execution of a search warrant.

{¶ 3} The parties reached a plea agreement. On June 3, 2015, the date scheduled for trial, the trial court held a change-of-plea hearing. Although Nicholson initially indicated that he understood the plea agreement, when it came time to enter his guilty pleas, Nicholson began asking his retained counsel questions regarding the search warrant and the discovery provided by the state. The trial court told Nicholson to "take your time and speak with [defense counsel], get your questions answered." The trial court further indicated: "[T]his is your moment here. You've got to be certain. I again want to make sure that you have every

question answered. No one is going to accuse me of forcing you to take a plea — taking a plea if you're not ready to enter a plea."

{¶ 4} The trial court suspended the proceedings and rescheduled them for the following day so that Nicholson could further review the discovery and consider whether he wanted to accept the state's plea offer or proceed to trial. The trial court stated: "Mr. Nicholson, this will give you the opportunity to make sure this is a decision that you want to do."

{¶ 5} When the parties returned to court the following day, Nicholson had some additional questions regarding the search warrant. He advised the trial court that he had some disagreements with his existing counsel and that he wanted to retain new counsel. The trial court stated, "I can give you a relatively brief period of time to secure new counsel," and rescheduled the trial for July 6, 2015.

{¶ 6} Ultimately, Nicholson did not retain new counsel. On July 1, 2015, the trial court held a hearing to discuss the status of the case and whether the case would be proceeding to trial or whether Nicholson would be accepting the state's plea offer. Nicholson asked for additional time to speak with retained counsel privately. The trial court granted Nicholson's request.

{¶ 7} On July 6, 2015, Nicholson appeared with retained counsel and indicated that he had decided to accept the state's plea offer. Nicholson pled guilty to amended Count 1, first-degree felony trafficking in violation of R.C. 2925.03(A)(2), and Count 4, having weapons while under disability in violation of R.C. 2923.13(A)(3), along with the associated forfeiture specifications. In exchange

for Nicholson's guilty pleas, the state deleted the schoolyard specification in Count 1 and both Counts 2 and 3 were nolled. The trial court accepted Nicholson's guilty pleas, and the matter proceeded directly to sentencing.

{¶ 8} At the sentencing hearing, the trial court sentenced Nicholson to an aggregate sentence of seven years in prison, i.e., seven years on Count 1 and a 30-month concurrent sentence on Count 4. The trial court also imposed a mandatory $10,000 fine and five years of mandatory postrelease control, and Nicholson forfeited two guns, a scale, money and a cell phone.

{¶ 9} After the trial court announced Nicholson's sentence, defense counsel inquired about judicial release. The following exchange occurred:

> [DEFENSE COUNSEL]: Judge, on the record, would there be a chance to file for a judicial release after three years?
>
> THE COURT: Well, I think because of the sentence imposed, the time would have to be after, I think, five years, [defense counsel]. So I would take a look at it.
>
> [DEFENSE COUNSEL]: Okay.

Nicholson did not appeal his convictions.

{¶ 10} Approximately one year after his convictions, on June 23, 2016, Nicholson filed, pro se, a motion to "vacate or set aside the judgment of conviction or sentence." He claimed that he was denied effective assistance of counsel because (1) his retained trial counsel failed to conduct an adequate investigation, (2) his retained trial counsel never met with him to discuss his case or any plea agreement prior to his scheduled trial date and (3) his retained trial counsel coerced him into

pleading guilty by leading him to believe that he would receive a three-year prison sentence if he accepted the state's plea offer and an 11-year prison sentence if he refused the plea offer and proceeded to trial. Nicholson did not attach an affidavit or any other evidence in support of his motion. The trial court denied the motion. Nicholson did not appeal.

{¶ 11} On January 10, 2017, Nicholson filed, pro se, a motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. He argued that he should be permitted to withdraw his guilty pleas because (1) his retained counsel had failed to adequately investigate the case, (2) his retained counsel had failed to request that the search warrant be unsealed and challenge the search warrant, (3) his retained counsel had failed to communicate and consult with Nicholson regarding the search warrant and filing a motion to suppress, (4) the trial court had failed to advise Nicholson he had the right to appointed counsel when his retained counsel sought to withdraw from the case and (5) his retained counsel had failed to file a written motion to withdraw from the case. In support of his motion, Nicholson attached excerpts from the transcript of the trial court proceedings on June 4, 2015 and July 1, 2015 and an affidavit from Susane Marchmon, Nicholson's mother, in which she detailed her unsuccessful efforts to obtain a copy of the sealed search warrant. The trial court denied the motion without a hearing. Nicholson appealed.

{¶ 12} On appeal, this court affirmed the trial court. This court found that Nicholson's claims either were (1) raised or could have been raised in a direct appeal of his convictions or in his prior motion to "vacate or set aside the judgment of

conviction or sentence" and were, therefore, barred by res judicata or (2) unsupported by the record. As such, the court concluded that the trial court did not abuse its discretion in denying Nicholson's motion to withdraw his guilty pleas. *State v. Nicholson*, 8th Dist. Cuyahoga No. 105958, 2018-Ohio-2932, ¶ 4-14.

{¶ 13} On April 20, 2020, Nicholson filed a motion for judicial release. The state opposed judicial release because Nicholson was serving a mandatory term. The trial court denied Nicholson's request for judicial release.

{¶ 14} On May 7, 2020, Nicholson filed, pro se, a second motion to withdraw his guilty pleas pursuant to Crim.R. 32.1. Nicholson argued that his guilty pleas were made "unknowingly and involuntarily" and that the trial court had failed to comply with Crim.R. 11(C) because the trial court did not inform him that his sentence on the trafficking count was mandatory and that he was ineligible for judicial release. Nicholson asserted that if he had known that his prison sentence was mandatory, he "would not have pled guilty." In support of his motion, Nicholson pointed to the transcripts of the proceedings below. He also attached a copy of the trial court's sentencing journal entry and a document dated July 14, 2015, which Nicholson described as "the 2 page report of Nicholson's sentence information provided to him at the time of his admission into prison" (the "sentence summary"). Paragraph two of the sentence summary, which stated, "You have ____ years of actual incarceration/mandatory time," was left blank. The summary stated that "[i]f one of the following paragraphs does NOT apply, it will be left blank."

{¶ 15} The state opposed the motion, arguing that Nicholson had "offer[ed] nothing to support his claim" that Nicholson had not "identified any Crim.R. 11 deficiency" and that his claims were barred by res judicata.

{¶ 16} On May 21, 2020, the trial court denied the motion without a hearing. Nicholson appealed, raising the following three assignments of error for review:

> Assignment of Error I:  The trial court violated Appellant Nicholson's rights to due process of law and Criminal Rule 11(C) when it accepted Appellant's guilty pleas without informing him that his sentence was mandatory.

> Assignment of Error II:  The trial court erred in denying Nicholson's motion to withdraw his guilty pleas because his plea was not entered knowingly and intelligently when the trial court failed to inform him that his sentence was mandatory and that he was ineligible for judicial release.

> Assignment of Error III:  The trial court erred in applying res judicata to Appellant's claims.

{¶ 17} Nicholson's assignments of error are interrelated.  Accordingly, we address them together.

**Law and Analysis**

{¶ 18} The withdrawal of a guilty plea is governed by Crim.R. 32.1, which states:

> A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 19} The defendant bears the burden of establishing the existence of "manifest injustice."  *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977),

paragraph one of the syllabus. Manifest injustice has been described as "a clear or openly unjust act," *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998), "that is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640 and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8; *see also State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 41 (8th Dist.); *State v. Stovall*, 8th Dist. Cuyahoga No. 104787, 2017-Ohio-2661, ¶ 17 ("'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'"), quoting *State v. Williams*, 10th Dist. Franklin No. 03AP-1214, 2004-Ohio-6123, ¶ 5. A claim of manifest injustice must be supported by specific facts in the record or through affidavits submitted with the motion. *See, e.g., State v. Darling*, 8th Dist. Cuyahoga No. 109439, 2021-Ohio-440, ¶ 12; *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10. Postsentence withdrawal of a guilty plea is permitted "'only in extraordinary cases.'" *McElroy* at ¶ 30, quoting *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 22.

{¶ 20} A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea. *See, e.g., State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16; *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11. "'A hearing is required * * * if the facts alleged by the defendant, accepted as true, would require that the defendant be allowed to

withdraw the plea.'" *Norman* at ¶ 16, quoting *Vihtelic* at ¶ 11; *see also State v. Tringelof*, 12th Dist. Clermont Nos. CA2017-03-015 and CA2017-03-016, 2017-Ohio-7657, ¶ 11 ("'A defendant must establish a reasonable likelihood that a withdrawal of his plea is necessary to correct a manifest injustice before a court must hold an evidentiary hearing on his motion.'"), quoting *State v. Williams*, 12th Dist. Warren No. CA2009-03-032, 2009-Ohio-6240, ¶ 14.

{¶ 21} We review a trial court's decision to deny a defendant's postsentence motion to withdraw a guilty plea under an abuse-of-discretion standard. *See, e.g., Vinson* at ¶ 42, citing *Smith* at paragraph two of the syllabus. We likewise review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *See, e.g., State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 13.

{¶ 22} Nicholson contends that withdrawal of his guilty pleas is necessary to correct a manifest injustice because his guilty pleas were not entered knowingly and intelligently due to the trial court's failure to inform him that his seven-year prison sentence for trafficking was mandatory and that he was ineligible for judicial release. Nicholson's arguments are meritless.

**Res Judicata**

{¶ 23} Res judicata applies to postsentence motions to withdraw guilty pleas. *See, e.g., Darling*, 2021-Ohio-440, at ¶ 17-18; *Nicholson*, 2018-Ohio-2932, at ¶ 5. Res judicata prevents repeated attacks on a final judgment. It applies to claims that were raised or could have been raised on direct appeal and also "'bar[s] * * *

piecemeal claims in successive postconviction relief petitions or motions to withdraw a guilty plea that could have been raised, but were not, in the first postconviction relief petition or motion to withdraw a guilty plea.'" *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 17, quoting *State v. Kent*, 4th Dist. Jackson No. 02CA21, 2003-Ohio-6156, ¶ 6; *see also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59-60 (res judicata bars the assertion of claims in a motion to withdraw a guilty plea that were, or could have been, raised in a prior proceeding).

{¶ 24} Nicholson could have raised any claims related to the trial court's alleged failure to comply with Crim.R. 11(C) or the alleged unknowing, unintelligent or involuntary nature of his guilty pleas through a direct appeal or in his prior postconviction motions. As such, his claims are barred by res judicata, and the trial court did not abuse its discretion in denying his motion to withdraw his guilty pleas without a hearing.

### Nicholson's Claims Are Not Supported by the Record

{¶ 25} Further, even if we were to consider the merits of Nicholson's arguments, we would still find that the trial court did not abuse its discretion in denying Nicholson's motion to withdraw his guilty pleas.

{¶ 26} First, there is no requirement that a trial court provide information regarding eligibility or ineligibility for judicial release prior to accepting a defendant's guilty pleas. Although a plea may be invalidated if a defendant shows that he or she was given *misinformation* regarding judicial release that *prejudicially*

*impacted his or her decision to enter a plea, see, e.g., State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 57 (8th Dist.), *State v. Williams*, 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, ¶ 15, and *State v. Ealom*, 8th Dist. Cuyahoga No. 91455, 2009-Ohio-1365, ¶ 10-28, there is no requirement that judicial release be explained or that a defendant be informed regarding his or her eligibility or ineligibility judicial release to comply with Crim.R. 11(C)(2). *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 24. "While a trial court must inform a defendant of the 'maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control,' it does not have to tell the defendant that he or she is not eligible for judicial release." *State v. Robinson*, 8th Dist. Cuyahoga Nos. 106676 and 106980, 2018-Ohio-4863, ¶ 24, quoting Crim.R. 11(C)(2)(a); *see also State v. McGill*, 8th Dist. Cuyahoga No. 108469, 2020-Ohio-575, ¶ 17 ("Crim.R. 11 generally does not require courts to inform a defendant of his eligibility for judicial release."). Even though the trial court arguably provided incorrect information regarding judicial release at the conclusion of the sentencing hearing[1] — after Nicholson had entered, and the trial court had accepted, Nicholson's guilty pleas — and even though it appears the sentence summary Nicholson received after sentencing did not reflect that his seven-year sentence was mandatory, Nicholson could not have relied upon that

---

[1] The trial court did not state definitively that Nicholson would be eligible for judicial release. As indicated above, the trial court stated: "I think, because of the sentence imposed, the time would have to be after, I think, five years * * *[.] So I would take a look at it."

postsentencing misinformation in deciding to enter his guilty pleas and, therefore, it could not have rendered Nicholson's guilty pleas unintelligent, unknowing or involuntary.

{¶ 27} Second, although Nicholson contends that he was not informed by the trial court, prior to the acceptance of his guilty pleas, that his "entire sentence" on the trafficking count was a mandatory term, the record reflects otherwise. On June 3, 2015, during the initial plea colloquy, the following exchange occurred:

> THE COURT: Now, Mr. Nicholson, *the potential for incarceration* that you're facing in Count 1 drug trafficking, *it is a mandatory term. It would be a minimum period of 3 years, a maximum period of 11 years.*
>
> Do you understand that, sir?
>
> DEFENDANT NICHOLSON: Yes, your Honor.
>
> THE COURT: All right. That's on Count 1.

(Emphasis added.)

{¶ 28} When the parties returned to court on July 1, 2015 to discuss the case status, including whether Nicholson had retained new counsel and whether he intended to proceed to trial or enter a plea, the trial court again informed Nicholson that "the F1s include mandatory time." During the plea colloquy on July 6, 2015, when Nicholson ultimately entered his guilty pleas, the trial court again informed Nicholson:

> THE COURT: * * * Mr. Nicholson, for you, this felony of the first degree, it carries with it *a mandatory term of incarceration minimum of three years, maximum of 11 years.*
>
> Do you understand that, sir?

DEFENDANT NICHOLSON: Yes, your Honor.

(Emphasis added.)

{¶ 29} Thus, it is clear from the record that the trial court informed Nicholson, before he entered his guilty pleas, that whatever sentence was ultimately imposed on the trafficking count — between a minimum of three years and a maximum of 11 years — it would be a "mandatory" term.

{¶ 30} *State v. Tutt*, 2015-Ohio-5145, 54 N.E.3d 619 (8th Dist.), and *State v. Smith*, 5th Dist. Licking No. 13-CA-44, 2014-Ohio-2990, which Nicholson cites in support of his arguments are distinguishable. First, in those cases, the defendants challenged their convictions on direct appeal; res judicata did not apply. *Tutt* at ¶ 1, 11; *Smith* at ¶ 2. Further, in *Tutt*, the transcript revealed that the trial court did not inform the defendant at the change-of-plea hearing that certain offenses to which the defendant later pled no contest included a mandatory prison term, and there was nothing else in the record to indicate that the defendant subjectively understood, prior to the trial court's acceptance of his no contest pleas, that he would have to serve a mandatory prison sentence on those offenses or what that mandatory prison term might be. *Tutt* at ¶ 17-28.

{¶ 31} In *Smith*, the trial court informed the defendant during the change-of-plea hearing that "the offense carries a term of mandatory incarceration, as a result of which, * * * you're not eligible for judicial release during any mandatory period of incarceration" but did not notify the defendant of the number of years that

were mandatory. *Smith* at ¶ 9. Although all 14 years of the defendant's sentence were mandatory, the defendant was informed in the plea form that was filed in the case that only three years of the potential 40-year sentence he faced were mandatory, precluding judicial release during those three years: "I understand the MAXIMUM sentence is a basic prison term of 40 years of which 3 yrs is mandatory. I am not eligible for judicial release during the mandatory imprisonment." *Id.* at ¶ 10-11. Considering the totality of the circumstances, the Fifth District concluded in that case that the defendant could have subjectively understood that only three years of his sentence were mandatory, after which he could be released on judicial release and placed on community control and, as such, his no contest pleas were not made knowingly, intelligently and voluntarily. *Id.* at ¶ 11-13.

{¶ 32} That is not the case here. As shown above, the transcript in this case clearly shows that Nicholson was informed by the trial court — repeatedly — before he entered his guilty pleas that whatever prison term he received on the trafficking count would be a "mandatory term."

{¶ 33} The record further reflects that the trial court took ample precautions to make sure Nicholson understood the rights he was giving up, the consequences he would face by pleading guilty and that Nicholson was making an informed decision to plead guilty to the offenses at issue rather than proceed to trial. When Nicholson expressed reservations about entering guilty pleas because he had not had sufficient time to review the discovery produced by the state, the trial court suspended the proceedings and rescheduled them for the following day, so that

Nicholson could spend additional time reviewing the discovery and consider what he wanted to do. When the parties returned to court the following day, and Nicholson advised the trial court that he wanted to retain new counsel due to disagreements with his existing counsel, the trial court granted Nicholson a continuance to find new counsel. The trial court repeatedly encouraged Nicholson to ask questions during the proceedings, made sure those questions were answered to Nicholson's satisfaction and instructed Nicholson to enter his guilty pleas only if and when he was "ready to enter a plea."

{¶ 34} Finally, Nicholson submitted no affidavits or any other relevant evidentiary materials with his motion to withdraw his guilty pleas to support his claim of manifest injustice. Conclusory, self-serving allegations and unsubstantiated assertions are insufficient to demonstrate a manifest injustice or to warrant a hearing on a motion to withdraw a guilty plea. *See, e.g., Darling*, 2021-Ohio-440, at ¶ 21; *State v. D-Bey*, 8th Dist. Cuyahoga No. 109000, 2021-Ohio-60, ¶ 61; *State v. Johnson*, 12th Dist. Butler Nos. CA2010-12-327 and CA2011-02-019, 2011-Ohio-3015, ¶ 13.

{¶ 35} Accordingly, Nicholson's assignments of error are overruled.

{¶ 36} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., and
EILEEN T. GALLAGHER, J., CONCUR