[Cite as *State v. Ritchie*, 2021-Ohio-1298.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109493 |
| v. | : | |
| CHAD B. RITCHIE, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 15, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-598914-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorneys, *for appellee.*

Scott J. Friedman, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Chad B. Ritchie ("Ritchie") appeals from the denial of his postsentence motion to withdraw his guilty plea. For the reasons that follow, we affirm.

**Factual and Procedural History**

{¶ 2} On August 30, 2015, Olmsted Township police arrested Ritchie following an incident at his home. Ritchie and his then wife, Jill Ritchie ("Jill"), got into an argument when Jill suspected that Ritchie had been drinking. Jill hid the car keys so that Ritchie could not drive while intoxicated, and he became angry and left the house. Jill locked the doors, and a neighbor called the police when they observed Ritchie trying to kick in the front door and screaming obscenities. Before police arrived at the home, Ritchie went back inside the house through a rear window.

{¶ 3} When the police arrived, Jill came out of the front door, upset and crying and telling the officers that Ritchie was out of control. Officers entered the home and Ritchie began to scream at them to leave. While Ritchie continued to scream at the officers, they ordered Ritchie to place his hands behind his back. Ritchie refused and ultimately engaged in a physical struggle with the officers. During the struggle, several officers tried to restrain Ritchie and tased him multiple times. Ritchie continued to fight with the officers. One officer's report stated that Ritchie threw a glass jar at an officer, nearly striking the officer in the head. Another report stated that Ritchie gouged the officer's left eye with his fingers. After an extensive struggle, officers were finally able to handcuff Ritchie while he was laying on the ground. Upon being handcuffed, Ritchie intentionally spit blood at two officers and continued to yell obscenities at them.

{¶ 4} Ritchie was transported to Southwest General Hospital, where he continued to yell obscenities and multiple hospital security personnel were required to restrain him so that he could be treated for his injuries.

{¶ 5} On September 4, 2015, a Cuyahoga County Grand Jury indicted Ritchie for the foregoing incident on one count of domestic violence, two counts of assault against a police officer, two counts of endangering children, and one count of harassment by inmate. On January 19, 2016, Ritchie pleaded guilty to two counts of assault against a police officer, in violation of R.C. 2903.13(A). On February 18, 2016, the court sentenced Ritchie to two years of community control and ordered him to report for regular random alcohol testing and to regularly attend Alcoholics Anonymous meetings, imposed 60 hours of community service, and imposed court costs. The court informed Ritchie that if he failed to comply with the terms of his sentence, he could be sentenced to 36 months in prison.

{¶ 6} On September 6, 2016, Ritchie pleaded guilty to a misdemeanor OVI offense in Rocky River Municipal Court. As a result, on October 7, 2016, the trial court held a hearing on an alleged violation of community control sanctions. The court found Ritchie to be in violation of his community control and sentenced him to six days in jail. The court reiterated the terms of his community control and reminded him that any further violation could result in 36 months in prison.

{¶ 7} On June 15 and June 19, 2017, the court held a hearing on an alleged violation of his community control and found that Ritchie violated the terms of his community control a second time when a March 24, 2017 drug test was positive for

cocaine.  The court sentenced Ritchie to 60 days in jail and applied 28 days of jail-time credit.  The court again warned Ritchie that if he failed to comply with the terms of his community control, he would be sentenced to prison.

{¶ 8}   On December 8, 2017, Olmsted Township police arrested Ritchie and he was charged with an OVI, endangering children, and numerous other offenses.  The court held a probation violation hearing on December 18, 2017, and Ritchie admitted that he violated the terms of his community control.  Following this third violation of his community control, the court sentenced Ritchie to 18 months in prison on each count of assault against a police officer, to be served consecutively, for a total of 36 months in prison.

{¶ 9}   Between November 2018 and April 2019, Ritchie filed two motions for judicial release.  Both motions were denied.

{¶ 10}  On October 28, 2019, almost three years after entering his guilty plea, and almost two years into his three-year sentence, Ritchie filed a pro se motion to withdraw his guilty plea.  Ritchie sought to withdraw his January 19, 2016 guilty plea to two counts of assault against a police officer.  Ritchie's motion argued that he received ineffective assistance of counsel because his counsel failed to properly review the evidence in his case with him prior to Ritchie's guilty plea.  Ritchie's motion also argued that his counsel was ineffective for not objecting to the imposition of consecutive sentences for his violation of community control.  In support of his motion, Ritchie attached police reports from his August 2015 arrest,

taser reports, and affidavits from himself, Jill, Ritchie's neighbor, and Ritchie's brother.

{¶ 11} On December 9, 2019, the state filed a brief in opposition to Ritchie's motion. On December 24, 2019, Ritchie filed additional documents in support of his motion, including an affidavit from himself and copies of correspondence between Ritchie and his trial counsel. On January 3, 2020, the court denied Ritchie's motion to withdraw his guilty plea without a hearing.

{¶ 12} This appeal follows. Ritchie presents the following assignment of error for our review:

> The trial court abused its discretion when it denied the Appellant's motion to withdraw his guilty plea without an evidentiary hearing.

**Legal Analysis**

{¶ 13} In his sole assignment of error, Ritchie argues that the court abused its discretion in denying his postsentence motion to withdraw his guilty plea without first holding an evidentiary hearing. Specifically, Ritchie argues that because his motion was based on matters outside the record, he was entitled to an evidentiary hearing. According to Ritchie, his motion contained allegations that, if accepted as true, would require that he be allowed to withdraw his plea. We disagree.

{¶ 14} Crim.R. 32.1 governs withdrawals of guilty pleas. It states:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

Therefore, a defendant who moves to withdraw a guilty plea after a sentence has been imposed bears the additional burden of demonstrating manifest injustice. *State v. Cochran*, 8th Dist. Cuyahoga Nos. 91768, 91826, and 92171, 2009-Ohio-1693, ¶ 18, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process." (Citations omitted.) *State v. Jones*, 8th Dist. Cuyahoga Nos. 108073 and 108089, 2019-Ohio-4355, ¶ 12.

{¶ 15} Further, although Crim.R. 32.1 does not provide for a time limit after the imposition of sentence during which a postsentence motion to withdraw a guilty plea must be made, courts have long recognized that "an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶ 16} Because the determination of whether a defendant has demonstrated manifest injustice is left to the sound discretion of the trial court, we review a trial court's decision on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *Id.*, citing *State v. Colon*, 8th Dist. Cuyahoga No. 104944, 2017-Ohio-8478, ¶ 7. An abuse of discretion occurs where a trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 17} Additionally, a trial court is only required to hold a hearing on a postsentence motion to withdraw a guilty plea if the facts alleged by the defendant, if accepted as true, would require that the defendant be allowed to withdraw the plea. *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11, citing *State v. Chandler*, 10th Dist. Franklin No. 13AP-452, 2013-Ohio-4671, ¶ 7.

{¶ 18} As an initial matter, we note that the consecutive-sentence argument Ritchie made in his motion is not a basis for withdrawing his guilty plea, and this argument was not addressed by Ritchie in this appeal. Therefore, our analysis will be limited to Ritchie's arguments regarding his trial counsel's alleged failure to investigate.

{¶ 19} Ritchie's argument in support of his motion is that the additional police reports, taser records, and eyewitness affidavits he attached to his motion support a different version of events than the single police report that Ritchie's counsel possessed when Ritchie pleaded guilty. According to Ritchie, his counsel's failure to investigate the discrepancies between his account of the incident and the various officers' accounts amounts to ineffective assistance of counsel that should allow him to withdraw his guilty plea. Further, Ritchie argues that because his motion raised matters that were outside of the trial court record that demonstrate that he was unable to fully review discovery in his case prior to pleading guilty, the trial court was required to hold an evidentiary hearing.

{¶ 20} A claim of ineffective assistance of counsel is waived by a guilty plea, except to the extent that the ineffective assistance of counsel caused the defendant's

plea to be less than knowing, intelligent, and voluntary. *State v. Peak*, 8th Dist. Cuyahoga No. 102850, 2015-Ohio-4702, ¶ 17, citing *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 595 N.E.2d 351 (1992), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). In these cases, a defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offense at issue and would have insisted on going to trial. *Id.* Further, "the prejudice inquiry in the context of a guilty plea requires a 'nuanced analysis of all of the factors surrounding the plea decision,' including the benefits associated with a plea, the possible punishments involved, the weight of the evidence against the defendant and any other special circumstances that might support or rebut" the defendant's claim that they would have chosen to go to trial. *State v. Porter*, 8th Dist. Cuyahoga No. 106032, 2018-Ohio-1200, quoting *State v. Ayesta*, 8th Dist. Cuyahoga No. 101383, 2015-Ohio-600, ¶ 16.

{¶ 21} Ritchie's postsentence motion to withdraw his guilty plea did not meet this burden. Ritchie's motion argued that there were discrepancies and falsehoods in the various police reports from his August 2015 arrest. Specifically, Ritchie asserts that officers deployed their tasers more than they initially stated, and that in general, the officers were significantly more aggressive toward Ritchie than the situation warranted. None of the alleged discrepancies demonstrate that his plea was not knowingly, intelligently, and voluntarily entered. Further, a defendant's

own self-serving affidavits alleging a coerced guilty plea are insufficient to rebut a record showing that this plea was voluntary. *State v. Shaw*, 8th Dist. Cuyahoga No. 102802, 2016-Ohio-923, ¶ 10, quoting *State v. Kapper*, 5 Ohio St.3d 36, 448 N.E.2d 823 (1983). Here, the affidavits Ritchie provided in support of his motion highlight discrepancies in the various police reports of the incident, but they do nothing to significantly undermine Ritchie's guilty plea.

{¶ 22} Our review of the record reveals that the trial court fully complied with Crim.R. 11 when it accepted Ritchie's guilty plea. The record also reveals that Ritchie confirmed that he was satisfied with his representation at the plea hearing, telling the court that he was "grateful" for his attorney's service. Further, the record contains repeated instances of Ritchie accepting responsibility for his actions on August 30, 2015, that undermine the arguments in his postsentence motion to withdraw his guilty plea.

{¶ 23} Prior to pleading guilty in this case, Ritchie personally apologized to two of the arresting officers he assaulted. In a letter to the officers attached to the sentencing memorandum, Ritchie described his behavior as "abhorrent" and said that he was a "violent person" on August 30, 2015. At the sentencing hearing, Ritchie stated:

> I'd like to sincerely apologize for my conduct and fully accept responsibility as well as the consequences. I truly am sorry. I want to apologize to my wife and daughters for putting their safety in jeopardy on that fateful evening * * *. The man who stands before you is a far cry from that pathetic person who committed those crimes.

Additionally, Ritchie's counsel stated in his sentencing memorandum that Ritchie "does not dispute, and is in fact horrified by, his conduct." Even in the conclusion of Ritchie's motion to withdraw his guilty plea, he acknowledges that he was "not an innocent bystander" on the date of his arrest. He merely disputes the details leading to arrest.

{¶ 24} This is insufficient to show that Ritchie received ineffective assistance of counsel that rendered his guilty plea less than knowing, intelligent, or voluntary. Because Ritchie has not demonstrated a manifest injustice that would permit him to withdraw his guilty plea three years after entering it, the trial court's denial of Ritchie's motion was not unreasonable, arbitrary, or unconscionable. Therefore, the trial court did not abuse its discretion in denying Ritchie's motion without an evidentiary hearing. Ritchie's sole assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR