[Cite as *State v. Davis*, 2021-Ohio-4015.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110301 |
| v. | : | |
| TORREZ T. DAVIS, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 10, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-15-593330-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

MARY J. BOYLE, A.J.:

{¶ 1} Defendant-appellant Torrez Davis appeals the trial court's denial of his postconviction motion to withdraw his guilty plea. He raises one assignment of error for our review:

The trial court abused its discretion in denying Davis's motion without holding a hearing.

{¶ 2} Finding no merit to his assignment of error, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} This matter arose from the September 29, 2014 shooting death of Darnell Phillips after a physical altercation between Phillips and Davis ended in Davis's discharging a firearm into a group of people at Arbor Park Village in Cleveland.

{¶ 4} On February 24, 2015, Davis was indicted for one count of aggravated murder in violation of R.C. 2903.01(A), an unclassified felony (Count 1); one count of murder in violation of R.C. 2903.02(B), an unclassified felony (Count 2); one count of felonious assault in violation of R.C. 2903.11(A)(1), a second-degree felony (Count 3); four counts of felonious assault in violation of R.C. 2903.11(A)(2), all second-degree felonies (Counts 4-7); one count of discharge of a firearm on or near prohibited premises in violation of R.C. 2923.162(A)(3), a first-degree felony (Count 8); and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony (Count 9). All counts except Count 9 included one- and three-year firearm specifications pursuant to R.C. 2941.141(A) and 2941.145(A).

{¶ 5} At his February 27, 2015 arraignment, Davis pled not guilty to the indictment and was assigned two attorneys. The parties exchanged discovery and reached a plea agreement just before trial. On November 2, 2015, the day of trial,

Davis withdrew his former plea and entered guilty pleas to all counts as amended by the plea agreement. In exchange for Davis's guilty plea, the agreement reduced the aggravated murder charge to voluntary manslaughter in violation of R.C. 2903.03(A), a first-degree felony, but retained the one- and three-year firearm specifications (Count 1). The agreement retained one of the four counts of felonious assault in violation of R.C. 2903.11(A)(2) and deleted the associated firearm specifications (Count 4). The agreement also deleted the firearm specifications from the sole count of discharge of a firearm on or near prohibited premises (Count 8). Finally, the agreement retained the single count of having a weapon while under disability (Count 9). All remaining counts and specifications were nolled. The parties agreed to recommend a sentence of 18 years in prison without early release. The trial court accepted the plea agreement.

{¶ 6} On November 5, 2015, the trial court accepted the parties' proposed sentence and sentenced Davis to an aggregate of 18 years in prison. The trial court imposed 13 years for Count 1, as amended, which included 10 years for the underlying offense and a 3-year firearm specification, to be served consecutively; 3 years for Counts 4 and 8, to be served concurrently with each other and consecutively to the terms imposed in Count 1; and 2 years for Count 9, to be served consecutively to the terms imposed in Counts 1, 4, and 8. The trial court advised Davis regarding postrelease control, waived all costs and fines, and credited 267 days of time served.

{¶ 7} Nearly five years later, on June 15, 2020, Davis filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, in which Davis argued ineffective assistance of counsel for failure to pursue a self-defense claim. In the motion, Davis alleged that "[h]e was attacked at the park and while in fear for his life used a weapon to defend himself." Davis argued that his two trial counsel "fail[ed] to investigate" and "advise [Davis] that he had an affirmative defense," which "had [he] known * * * he would not have entered into the plea agreement and instead proceeded to a jury trial."

{¶ 8} Davis attached to his motion three affidavits in support of his self-defense claim. The first affidavit was sworn by Derralle Felder, who witnessed the altercation between Phillips and Davis but did not witness the shooting. Specifically, Felder averred that Phillips "punched" Davis, Davis "fell to the ground," and Phillips "stomped his back in." Felder also averred that a "group had planned to jump [Davis,] but only [Phillips] went through with it." Felder's affidavit identified several people in Phillips's group by first name or nickname: "Bookah," "Bottle," "Kayla," among others. Felder alleged that when the altercation between Phillips and Davis started, another person in Phillips's group struck Felder, knocking him to the ground so that he "couldn't get up," and "[s]omeone dragged [Felder] into a car." Felder admitted that he "did not see shots fired or a gun" but was "[o]ne thousand percent" sure that Phillips "hit [Davis] first and then stomped his back in." Felder alleged that he was never interviewed about what he saw.

{¶ 9} The remaining two affidavits were sworn by two of Davis's boxing coaches, Darryl Mercer and Darryl Timothy Rhoades, both of whom saw and spoke with Davis at their boxing gym following the shooting. Mercer averred that Davis "had bruises, his hair was messed up, [and] his shirt was torn" "and dirty." Mercer also averred that Davis "kept saying 'they jumped me man, they jumped me'" and "'I thought they was gon [sic] to kill me.'" Like Felder, Mercer alleged that he was never interviewed about what he had witnessed. Rhoades alleged that when he saw Davis on the day of the shooting, his "clothes were ripped and torn," "[h]e was covered in bruises," and he "had obviously been engaged in a physical altercation."

{¶ 10} On January 20, 2021, the trial court denied the motion without a hearing, finding this evidence insufficient to rebut the presumption that Davis entered his guilty plea knowingly, voluntarily, and intelligently. The trial court noted that the affidavits attached to the motion alleged facts that had occurred before and after, but not during the shooting. The trial court also noted that the motion's evidence was incomplete because it failed to include affidavits of Davis or either of his two defense counsel or a transcript of Davis's plea showing that his plea was uninformed or that the representation afforded Davis fell below an objective standard of reasonableness resulting in prejudice to Davis. The trial court determined that the affidavits Davis attached to his motion were of "questionable evidentiary value" considering nearly five years had elapsed between the shooting and the motion.

{¶ 11} It is from this judgment that Davis now appeals.

## II. Law and Analysis

{¶ 12} In his sole assignment of error, Davis contends that the trial court abused its discretion in denying his postsentence motion to withdraw his guilty plea as insufficient, incomplete, and untimely without first holding an evidentiary hearing. Davis argues that he did not enter his plea knowingly and intelligently because defense counsel failed to investigate and inform him of a potential self-defense claim now supported by affidavits of witnesses to Davis's physical altercation with Phillips and Davis's appearance thereafter.

{¶ 13} We review the denial of a postsentence motion to withdraw a guilty plea for an abuse of discretion. *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, ¶ 15, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph two of the syllabus, and *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 32. We likewise review a trial court's decision whether to hold a hearing on a postsentence motion to withdraw a guilty plea for an abuse of discretion. *See, e.g.*, *State v. Grant*, 8th Dist. Cuyahoga No. 107499, 2019-Ohio-796, ¶ 13.

{¶ 14} A trial court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 106, citing *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87, 482 N.E.2d 1248 (1985), citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). A decision is unreasonable when "'no sound reasoning process * * * would support that decision.'" *Id.*, quoting *AAAA Ents., Inc. v. River Place*

*Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).

**{¶ 15}** "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. The defendant bears the burden of establishing the existence of "manifest injustice." *Smith* at paragraph one of the syllabus.

**{¶ 16}** "Manifest injustice" is defined as "'a clear or openly unjust act,'" *Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, at ¶ 14, quoting *State ex rel. Schneider v. Kreiner*, 83 Ohio St.3d 203, 208, 699 N.E.2d 83 (1998). Manifest injustice "is evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *State v. McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, ¶ 30, quoting *State v. Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, ¶ 8.

> "A claim of manifest injustice must be supported by specific facts in the record or through affidavits submitted with the motion. *See, e.g.*, *State v. Darling*, 8th Dist. Cuyahoga No. 109439, 2021-Ohio-440, ¶ 12; *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 10. Postsentence withdrawal of a guilty plea is permitted "'only in extraordinary cases.'" [*McElroy* at ¶ 30], quoting *State v. Rodriguez*, 8th Dist. Cuyahoga No. 103640, 2016-Ohio-5239, ¶ 22."

*State v. Said*, 8th Dist. Cuyahoga Nos. 110090 and 110288, 2021-Ohio-3360, ¶ 16, quoting *State v. Houk*, 8th Dist. Cuyahoga No. 110115, 2021-Ohio-2107, ¶ 15.

**{¶ 17}** "A trial court is not required to hold a hearing on every postsentence motion to withdraw a guilty plea." *State v. Nicholson*, 8th Dist. Cuyahoga No.

109762, 2021-Ohio-2584, ¶ 20, citing *State v. Norman*, 8th Dist. Cuyahoga No. 105218, 2018-Ohio-2929, ¶ 16, and *State v. Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, ¶ 11. A hearing is required when the defendant alleges facts that, if accepted as true, would require that the defendant be permitted to withdraw his guilty plea. *Id.* When reviewing affidavits attached to the motion, the trial court may, in the exercise of its discretion, judge credibility when deciding whether to accept the affidavits as true statements of fact. *State v. Knowles*, 8th Dist. Cuyahoga No. 95239, 2011-Ohio-1685, ¶ 22; *State v. Lawston*, 8th Dist. Cuyahoga No. 80828, 2002-Ohio-6498, ¶ 29.

{¶ 18} Davis offers affidavit evidence to support the self-defense claim on which he bases his motion to withdraw. The state argues that "these witnesses' affidavits do not * * * establish operative facts rising to a successful claim of self-defense." We agree. Even if the facts alleged in the affidavits were accepted as true, the affidavits do not entitle Davis to an evidentiary hearing. The affidavits do not meet all the elements of Davis's self-defense claim. To establish self-defense under Ohio law at the time Davis entered his guilty plea, a defendant had to prove the following elements:

> "(1) that the defendant was not at fault in creating the situation giving rise to the affray; (2) that the defendant had a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) that the defendant did not violate any duty to retreat or avoid the danger."

*State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 258, quoting *State v. Barnes*, 94 Ohio St.3d 21, 24, 759 N.E.2d 1240 (2002).[1]

{¶ 19} In his affidavit, Felder averred that Phillips's group had planned to jump Davis, but only Phillips acted on the plan. Felder alleged that Phillips struck Davis, Davis fell to the ground, and Phillips stomped on Davis's back. Felder's affidavit meets the first element of self-defense by alleging that Phillips was the initial aggressor, and Davis was not at fault in starting the fight. The affidavits of Mercer and Rhoades alleged facts that suggest, but are insufficient to meet, the second element of self-defense. Mercer and Rhoades alleged that when Davis entered their boxing gym following the shooting, he appeared to be bruised and his clothes were torn and dirty. Rhoades averred that Davis appeared to have been involved in a recent physical altercation. Mercer averred that he heard Davis say, "they jumped me man, they jumped me" and "I thought they was gon [sic] to kill me." Disregarding admissibility issues associated with Mercer's recollection of what Davis said, the averments of Mercer and Rhoades are insufficient to show that Davis believed his only means of escape was to open fire on Phillips and his group. Combined with Felder's affidavit, Mercer's and Rhoades's affidavits are also

---

[1] In 2019, R.C. 2901.05 was amended to shift the burden from the defendant to the prosecution to disprove any of the self-defense elements beyond a reasonable doubt. *State v. Jackson*, 8th Dist. Cuyahoga No. 108493, 2020-Ohio-1606, ¶ 16. The amendment does not apply retroactively. *State v. Fisher*, 8th Dist. Cuyahoga No. 108494, 2020-Ohio-670, ¶ 24, fn. 2, citing *State v. Koch*, 2d Dist. Montgomery No. 28000, 2019-Ohio-4099, ¶ 103.

insufficient to show the defense's third element, that Davis did not violate any duty to retreat or avoid the danger.

{¶ 20} Conspicuously absent from the motion is Davis's own affidavit, or an affidavit of any other witness to the shooting, to support Davis's self-defense claim. Felder witnessed the physical altercation that led to the shooting but did not witness the shooting. Felder stated that he was "[o]ne thousand percent" sure that Phillips struck Davis first. However, Felder also admitted that he saw nothing more because at the same time Phillips struck Davis, another in Phillips's group struck Felder and knocked him to the ground, after which someone in Felder's group dragged him away from the fray. Felder stated that he "did not see shots fired or a gun." The remaining two affidavits of Mercer and Rhoades add little because they only attest to events after Davis entered their boxing gym following the shooting. Davis cannot solely rely on testimony about events before and after the shooting when the defense Davis asserts concerns the event of the shooting. The affidavits attached to Davis's motion do not support his claim of self-defense.

{¶ 21} The affidavits are also sworn by interested parties. Felder appeared to be on Davis's side of the altercation when it started because Felder was struck shortly after Davis by someone in Phillips's group. Mercer and Rhoades were Davis's boxing coaches. The trial court could have determined that these affidavits lacked sufficient credibility to warrant an evidentiary hearing not only because the affiants were not present during the shooting, but also because of the affiants' relationship to Davis. *See Knowles*, 8th Dist. Cuyahoga No. 95239, 2011-Ohio-1685,

at ¶ 23 ("[T]he trial court could properly find [the submitted] affidavits lacked sufficient credibility to require a hearing because of the nature of the evidence provided in these affidavits and the relationship between the affiants and [the appellant].")

{¶ 22} In his motion to withdraw, Davis also argues that his defense counsel failed to inform him of the potential self-defense claim, which made his plea unknowing and unintelligent. However, the record does not support this contention. Davis failed to provide a transcript of the change-of-plea hearing as part of his motion, which precluded any meaningful review by the trial court of the alleged Crim.R. 11 violations. *State v. Kraatz*, 8th Dist. Cuyahoga No. 103515, 2016-Ohio-2640, ¶ 10; *State v. Austin*, 8th Dist. Cuyahoga No. 107872, 2019-Ohio-3101, ¶ 21. Because the transcript was not before the trial court, the transcript is not part of the record and cannot be reviewed for the first time on appeal. Appellate review is limited to the record, and a reviewing court cannot add any new matter to the record that was not part of the trial court's proceedings or decide the appeal on the basis of any new matter not before the trial court. *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500 (1978), paragraph two of the syllabus. Without a transcript of the change-of-plea hearing, we must presume regularity in the proceedings of the trial court. *Kraatz* at ¶ 10; *Austin* at ¶ 22, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 19. We therefore presume that the trial court complied with Crim.R. 11 and that Davis entered his guilty plea knowingly, intelligently, and voluntarily.

{¶ 23} Also, Davis has not shown that the representation he received from his two attorneys was deficient or that his attorneys' performance prejudiced him. A criminal defendant has the right to effective assistance of counsel at "'critical stages of a criminal proceeding,' including when he enters a guilty plea." *Lee v. United States*, 582 U.S. ____, 137 S.Ct. 1958, 1964, 198 L.Ed.2d 476 (2017), quoting *Lafler v. Cooper*, 566 U.S. 156, 165, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012); *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). To establish ineffective assistance of counsel, a defendant must demonstrate (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation; and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.E.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 24} When a defendant enters a guilty plea, he waives a claim of ineffective assistance of counsel except to the extent that ineffective assistance of counsel caused the defendant's plea to be less than knowing, intelligent, and voluntary. *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 30 (8th Dist.); *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11. To prevail on an ineffective assistance of counsel claim in such circumstances, the defendant must

show that he was prejudiced by demonstrating a reasonable probability that but for counsel's errors, he would not have pled guilty to the charged offenses and would have instead insisted on going to trial. *Houk*, 8th Dist. Cuyahoga No. 110115, 2021-Ohio-2107, at ¶ 20, citing *Vinson* at ¶ 30; *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992); *Hill* at 58-59.

{¶ 25} In Ohio, every properly licensed attorney is presumed to be competent, and a defendant claiming ineffective assistance of counsel bears the burden of proof. *State v. Black*, 2019-Ohio-4977, 149 N.E.3d 1132, ¶ 35 (8th Dist.), citing *State v. Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). When evaluating counsel's performance on an ineffective assistance of counsel claim, the court "must indulge a strong presumption" that counsel's performance "falls within the wide range of reasonable professional assistance." *Strickland* at 689; *see State v. Powell*, 2019-Ohio-4345, 134 N.E.3d 1270, ¶ 69 (8th Dist.), quoting *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69 ("'A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'").

{¶ 26} Apart from the affidavits Davis attached to his motion, the record contains no other evidence recounting the events leading to Phillips's death. Nor does the record show that Davis informed his attorneys about Felder, Mercer, and Rhoades or that his attorneys knew about these particular witnesses and simply failed to interview them. *See State v. Roberts*, 8th Dist. Cuyahoga No. 69310, 1996 Ohio App. LEXIS 1873, 5 (May 9, 1996), citing *State v. Clayton*, 62 Ohio St.2d 45,

49, 402 N.E.2d 1189 (1980) ("[W]hen there is no demonstration that counsel failed to research the facts or the law, or that he was ignorant of a crucial defense and counsel makes a tactical choice, the reviewing court defers to counsel's judgment in the matter."). As noted above, the affidavits attached to Davis's motion do not support a viable self-defense claim. Failure to assert an unviable defense does not constitute ineffective assistance. *See id.* at 5-6; *see also State v. Chambers*, 8th Dist. Cuyahoga No. 66962, 1995 Ohio App. LEXIS 2853, 7 (July 6, 1995), citing *State v. Brown*, 38 Ohio St.3d 305, 319, 528 N.E.2d 523 (1988) ("When defense counsel chooses, for strategic reasons, not to pursue every possible trial tactic, he is not violating an essential duty to his client.").

{¶ 27} Moreover, nothing in the affidavits attached to Davis's motion shows that Davis was prejudiced by his plea. A prejudice inquiry requires analysis of several factors supporting or rebutting the defendant's contention that he would not have entered the plea and insisted on going to trial. *State v. Porter*, 8th Dist. Cuyahoga No. 106032, 2018-Ohio-1200, ¶ 17. Such factors include "the benefits associated with the plea, the possible punishments involved, the weight of the evidence against the defendant." *Id.* The plea agreement reduced the aggravated murder charge to voluntary manslaughter. Had the matter been tried to a jury, Davis would be facing life in prison. Instead, Davis's two counsel negotiated a definite term of 18 years in exchange for his guilty plea.

{¶ 28} Davis moved to withdraw his guilty plea nearly five years after his conviction. Given this delay, the trial court concluded that affidavits attached to the

motion were of "questionable evidentiary value." Crim.R. 32.1 does not provide an express time limit for moving to withdraw a plea after a sentence is imposed. However, "'an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion.'" *Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, 147 N.E.3d 623, at ¶ 15, quoting *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324, and *Oksanen v. United States*, 362 F.2d 74, 79 (8th Cir.1966).

{¶ 29} The nearly five-year delay between Davis's sentencing and motion adversely affects Davis's credibility and militates against granting the requested relief. This court has previously found no abuse of discretion following delays of the same or shorter duration. *See State v. Ritchie*, 8th Dist. Cuyahoga No. 109493, 2021-Ohio-1298, ¶ 24 (three years); *State v. Heise*, 8th Dist. Cuyahoga Nos. 108286 and 108776, 2020-Ohio-662, ¶ 37 (two years); *State v. Ladson*, 8th Dist. Cuyahoga No. 102914, 2015-Ohio-5266, ¶ 8 (five years). Davis requested an evidentiary hearing in part to explain his delay in filing the motion. However, Davis did not need a hearing to explain the delay. He could have done so in the motion.

{¶ 30} To withdraw his guilty plea, Davis must show manifest injustice "evidenced by 'an extraordinary and fundamental flaw in the plea proceeding.'" *McElroy*, 8th Dist. Cuyahoga Nos. 104639, 104640, and 104641, 2017-Ohio-1049, at ¶ 30, quoting *Hamilton*, 8th Dist. Cuyahoga No. 90141, 2008-Ohio-455, at ¶ 8. Davis has not met this burden. Based upon the limited record before us, Davis failed to demonstrate by specific facts in the record or the supporting affidavits attached

to his motion that he had a viable self-defense claim that would require an evidentiary hearing on the motion. Davis has also failed to demonstrate that he received ineffective assistance of counsel that caused his guilty plea to be unknowing, unintelligent, and involuntary. The trial court's denial of Davis's motion as insufficient, incomplete, and untimely was not unreasonable, arbitrary, or unconscionable. Accordingly, the trial court did not abuse its discretion in denying Davis's motion without an evidentiary hearing. *See Said*, 8th Dist. Cuyahoga Nos. 110090 and 110288, 2021-Ohio-3360, at ¶ 37, citing *Houk*, 8th Dist. Cuyahoga No. 110115, 2021-Ohio-2107, at ¶ 38, *Ritchie* at ¶ 17, 24, and *Vihtelic*, 8th Dist. Cuyahoga No. 105381, 2017-Ohio-5818, at ¶ 11.

{¶ 31} Davis's sole assignment of error is overruled.

{¶ 32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, ADMINISTRATIVE JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN T. GALLAGHER, J., CONCUR