[Cite as *State v. Gerhardt*, 2025-Ohio-5635.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 115010 |
| v. | : | |
| LAWRENCE GERHARDT, | : | |
| Defendant-Appellant. | : | |

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 18, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-686564-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Alyssa Waite, Assistant Prosecuting Attorney *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant Lawrence Gerhardt ("Gerhardt") appeals the length of the sentence ordered by the Cuyahoga County Court of Common Pleas for

aggravated vehicular assault, improper handling firearms in a motor vehicle, and driving while under the influence of alcohol or drugs. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} This case stems from a four-car accident that was caused by Gerhardt driving left of center. His vehicle struck the victim's vehicle head on and then collided with two other vehicles. At the scene, Gerhardt admitted to police that he recently checked out of his treatment program, broke his sobriety, and consumed drugs and alcohol before the crash. In addition, there was a loaded firearm in his vehicle and an unsealed bottle of vodka lying on the front passenger floorboard. The victim was hospitalized for his injuries, and his vehicle was totaled.

{¶ 3} Gerhardt pled guilty to one count of aggravated vehicular assault, a felony of the third degree; one count of improper handling of a firearm in a motor vehicle, a felony of the fifth degree; and one count of driving while under the influence of alcohol or drugs, a misdemeanor of the first degree. In addition, he forfeited his firearm to the Cleveland Police Department. At the time of his plea, Gerhardt was advised that aggravated vehicular assault carried a mandatory prison term of one to five years.

{¶ 4} At sentencing, Gerhardt's attorney spoke at length regarding Gerhardt's addiction issues and detailed the treatment programs Gerhardt completed to obtain sobriety. He informed the trial court of Gerhardt's mental-health diagnoses and his compliance with his prescribed medications. Gerhardt's

attorney read into the record letters from the supervisor of the sober living facility Gerhardt attended, as well as a pastor who worked with Gerhardt. His attorney requested leniency for his client because Gerhardt cooperated with law enforcement, accepted responsibility for his actions, obtained treatment, and was employed. Thereafter, Gerhardt addressed the court and apologized for his actions and the harm caused. He also requested leniency.

{¶ 5} The State addressed the trial court next, describing the accident and playing a portion of the video that depicted the accident, explaining that the victim, who was the driver, had to exit his vehicle from the passenger side because his vehicle was so damaged. Additionally, the State read into the record the victim's impact statement because the victim was unable to attend the sentencing hearing. The letter explained that the victim had just been cleared to return to work after an appendectomy and the accident reopened the incision and required another month off work. In addition, he suffered injuries to his hands and back that make work and life a struggle. The State and victim requested a maximum sentence.

{¶ 6} The trial court sentenced Gerhardt to a maximum prison term of five years on the count for aggravated vehicular assault; 12 months in prison on the count for improper handling of a firearm in a motor vehicle; and 180 days on the count for driving under the influence of alcohol or drugs. The court ordered the prison terms be served concurrently. In addition, the trial court sentenced Gerhardt to a mandatory term of postrelease control, a minimum of one year with a maximum of

three years.  The trial court suspended Gerhardt's driver's license for ten years and ordered him to pay court costs.

{¶ 7} Gerhardt appeals his sentence and raises the following assignment of error for review:

> Trial counsel was ineffective for failing to provide context for the video that was shown in court, prejudicing [Gerhardt].

## II.  Law and Analysis

{¶ 8} In Gerhardt's sole assignment of error, he argues that he received ineffective assistance of counsel when his attorney failed to play the entire video of the accident and its aftermath at his sentencing hearing.  He asserts that the maximum five-year sentence was not warranted when the full video is observed.  We find Gerhardt's argument unpersuasive.

{¶ 9} In Ohio, every properly licensed attorney is presumed to be competent, and a defendant claiming ineffective assistance of counsel bears the burden of proof.  *State v. Davis*, 2021-Ohio-4015, ¶ 25 (8th Dist.).  To establish ineffective assistance of counsel, Gerhardt must demonstrate that (1) counsel's performance was deficient and (2) the deficient performance prejudiced him.  *State v. Trimble*, 2009-Ohio-2961, ¶ 98, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Deficient performance is conduct that falls below an objective standard of reasonable representation.  *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.  To demonstrate prejudice, Gerhardt must show there existed a reasonable probability that, but for counsel's errors, the outcome of the proceeding

would have been different. *State v. Sowell*, 2016-Ohio-8025, ¶ 138. The failure to prove either prong of this two-part test makes it unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St. 3d 378, 389 (2000), citing *Strickland* at 697.

{¶ 10} In the instant case, Gerhardt maintains that the trial court did not consider his attempts at recovery and the potency of addiction because the trial court was more focused on the assertion that Gerhardt caused serious injury. He contends that had the trial court "seen that the victim was able to exit the vehicle, his sentence *may* have been different." (Emphasis added.) (Gerhardt's brief, p. 4.). He argues that after observing the full video the trial "court would have appreciated the accident for what it was[,]" specifically arguing that the full video "undercut[s]" the claim that the victim suffered serious injuries. (Gerhardt's brief, p. 4.)

{¶ 11} A review of the transcript reveals that the trial court did in fact consider Gerhardt's attempts at recovery and the potency of addiction. Specifically, the trial court stated:

> [This] Court has considered all this information, all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors.
>
> And obviously, sir, you're drinking and drug use has landed you here; and you've been on this path for some time now.
>
> You leave treatment in May [2023]. You get arrested twice then in Medina and then this happening in June, but you didn't stop drinking, using drugs after this accident. You kept right on going up until January of 2024.
>
> So, this is an indication of the power of the disease, and I do accept the disease concept with alcohol and drugs abuse and alcoholism. And you

were — obviously, your path now hopefully is different and part of your recovery is obviously being responsible for what you did and make whatever amends you can by changing.

And, you know, it's all the things you've done now that's sort of piling up. Now is your time that you're going to have to deal with these consequences.

So, I do understand the view of the victim in this case. He's an innocent guy trying to get back to work, and your alcoholism got in the way of him going back to work and put you here.

And I mean, hopefully, you've learned that it's a chronic deadly disease. It never gets better. You have to continue to treat it a day at a time.

. . .

So considering all these things and — and this is extremely serious. You didn't kill somebody. I mean, that's the best thing we can say. And then months later finally got on the path to change your life. I hope it continues a day at a time, but I'm going to impose the consequences now.

(Tr. 39-41.)

{¶ 12} Additionally, the record does not support the assertion that the trial court was overly affected by the victim's injuries. Instead, the record reveals that the trial court considered Gerhardt's actions to be extremely serious warranting the maximum five-year sentence. Finally, Gerhardt's argument that had the trial court viewed the full video the sentence may have been different is mere speculation and speculation is insufficient to establish ineffective assistance of counsel. *State v. Short*, 2011-Ohio-3641, ¶ 119. Based on the foregoing, Gerhardt failed to demonstrate that counsel's performance was deficient and that he was prejudiced.

{¶ 13} Accordingly, Gerhardt's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

LISA B. FORBES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR